Thurman, C. J.
An alternative writ of mandamus was issued in this case, commanding the defendant to pay to the plaintiff $35.69, for services rendered by him as a teacher of a common school in sub-district No. 1, Scott township, Brown county, as ordered by the-board of education of the township, or to show cause why he refuses to do so.
To this writ the defendant has answered; and the cause is submitted to us for decision upon the writ, answer, and the order of the board of education, directing the payment of the money, which is the only evidence offered in the case.
As the order, with the admission of the defendant that he has refused, and yet refuses to pay it, although when it was presented ^he had sufficient funds to do so, makes a prima facie case for the plaintiff, to rebut which the defendant has offered no proof whatever, it follows that a peremptory writ must be awarded; for the onus probandi in relation to the matters of justification set up in the answer, rests upon the defendant.
But, inasmuch as the case has been argued as if the allegations of' *563 the answer were true, it may be proper to say, that were they proved, the result would be the same.
The material facts as alleged, when briefly stated, are as follows: The board of education — acting upon a real or pretended supposition that the local directors of the subdistrict were neglecting to discharge their duties — assumed the exercise of those duties, under the provisions of section 13 of the school law (Swan’s new Stab 839), and employed the plaintiff to teach a schoolin the subdistrict; which he did for three months, without being notified by the local directors to desist. At. the expiration of that time the board of education gave him the above-mentioned order on the defendant for his wages, pursuant to section 24 of the act. The local directors-notified the defendant not to pay it, and threatened him with a suit if he did, whereupon ho refused to pay it. The ground of the notification was, that the local directors had not neglected their duties, and that, therefore, the board of education had- unlawfully usurped their authority.
Assuming that the elaborate history set forth in the answer is-true, it is by no means certain that the board of education was justified in superseding the directors; while it is very apparent that the defendant has not been actuated by any bad motive.
But is this enough ? Must the plaintiff be a sufferer from the dissensions of these officials, of which it nowhere appears that he had any notice until payment of his wages was refused? Wo do not think so. It may well be admitted, that to be entitled to payment for services rendered, the retainer must have been by competent authority; but here the retainer was by a board ^exercising de facto the powers of local directors, without any objection, made known to the plaintiff, against their so doing. Under such circumstances, we think he is entitled to payment of his order, and that he ought not to be turned around to sue the individuals composing the board.
This view of the ease makes it unnecessary to consider whether a treasurer would, in any case, be justified in looking behind the order drawn on him by the board of education.

Peremptory mandamus awarded.